**Steven A. Kraemer,** OSB No. 882476
E-mail:  skraemer@cisoregon.org
**David C. Lewis**, OSB No. 953348
E-mail:  dlewis@cisoregon.org
**Lauren E. Nweze**, OSB No. 145218
E-mails:  lnweze@cisoregon.org
**KRAEMER & LEWIS**
P.O. Box 1469
Lake Oswego, OR 97035
Telephone: (503)763-3875
Facsimile: (503) 763-3901

Of Attorneys for Defendants City of Hillsboro,
James Schoeffler and Clint Chrz

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **JEAN COPPEDGE**, an individual,<br><br>    Plaintiff,<br><br>    v.<br><br>**CITY OF HILLSBORO**, a municipality, **JAMES SCHOEFFLER** in his individual capacity, and **CLINT CHRZ**, in his individual capacity,<br><br>    Defendants. | No.  3:21-cv-00146-YY<br><br>**DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12**<br><br>**ORAL ARGUMENT REQUESTED** |

## INTRODUCTION

Defendants filed a Motion to Dismiss Plaintiff's Second Amended Complaint on March 8, 2021.  (ECF No. 10.)  Plaintiff filed her Amended Opposition to Defendants' Motion to Dismiss on March 25, 2021.  (ECF No. 15.)  Defendants now submit their Reply in Support of its Motion to Dismiss Plaintiff's Second Amended Complaint.  Defendants maintain all basis for dismissal

Page 1 -   **DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12**

**KRAEMER & LEWIS**
Not a Partnership
Employees of CIS (Citycounty Insurance Services)
P.O. Box 1469
Lake Oswego, OR 97035
Telephone: (503) 763-3875
Facsimile: (503) 763-3901

of this action pursuant to Fed. R. Civ. P. 12(b)(6), or in the alternative, move that Plaintiff makes the Second Amended Complaint more definite and certain pursuant to Fed. R. Civ. P. 12(e).

## LEGAL MEMORANDUM

A. **Plaintiff's Statutory Discrimination Claims Against Defendant Fail to State a Claim.**

   1. *Plaintiff's Discrimination Claims Fail to State a Claim for Failure to Allege a Cognizable "Public Accommodation" Pursuant to ORS 659A.400.*

Though plaintiff asserts that Oregon law clearly considers a police investigation a "public accommodation" – she fails to cite any Oregon case which so holds. As made clear in defendants' motion to dismiss, this is because there is no Oregon case which has applied ORS 659A.142 or ORS 659A.403 to police investigations.

Similarly, there is no federal precedent within the Ninth Circuit which has held that similar ADA or public accommodations provisions apply to a police investigation. Such federal caselaw is by Oregon statute applicable to plaintiff's disability discrimination claim. ORS 659A.139 ("ORS 659A.103 to 659A.144 shall be construed to the extent possible in a manner that is consistent with any similar provisions of the federal Americans with Disabilities Act of 1990, as amended by the federal ADA Amendments Act of 2008 and as otherwise amended."). Plaintiff argues that the holding in *Sheehan City & Cty Of San Francisco*, 743 F.3d 1211, 1232 (9th Cir. 2014), *rev'd in part, cert. dismissed in part sub nom. City & Cty. of San Francisco, Calif. v. Sheehan*, 575 U.S. 600, 135 S. Ct. 1765, 191 L. Ed. 2d 856 (2015), supports their position that the conduct alleged in the Second Amended Complaint constitutes a "service." (Plf's Resp. to Defs' Mot. to Dismiss SAC, p. 7.)[1] However, this misreads the holding in *Sheehan*. *Sheehan* only recognizes two circumstances in which ADA applies to police conduct:

---

[1] There is a discrepancy in the page numbers listed throughout plaintiff's motion – plaintiff's numbering included at the bottom of each page is different than the page number assigned by the Court in the ECF electronic header at the top of each page. Plaintiff appears to not have included the first six pages filed (including the certificate of conferral, table of contents, or table of authorities) in her page numbering. For the Court's clarity, throughout this motion, the page number cited to by defendants will be in reference to the page number assigned by plaintiff at the bottom of each page.

Page 2 -  **DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12**

KRAEMER & LEWIS
Not a Partnership
Employees of CIS (Citycounty Insurance Services)
P.O. Box 1469
Lake Oswego, OR 97035
Telephone: (503) 763-3875
Facsimile: (503) 763-3901

(1) wrongful arrest; and (2) in circumstances where plaintiff has been investigated <u>and</u> arrested and the police failed to accommodate plaintiff either during either an investigation into plaintiff or plaintiff's subsequent arrest. Neither scenario applies in this case and thus *Sheehan* is not instructive to this Court and provides no support for plaintiff's position. Furthermore, whether *Sheehan's* holding is even a correct interpretation of the ADA is undecided in the United States Supreme Court. *See City & Cty. of San Francisco, Calif. v. Sheehan*, 575 U.S. 600, 135 S. Ct. 1765, 1774, 191 L. Ed. 2d 856 (2015) (SCOTUS has never answered the question of whether the ADA applies to arrests.).

Plaintiff further argues that language utilized within the Hillsboro Police Department internal policy is evidence that a police investigation is a "service" within the meaning of ORS 659A.400. (Plf's Resp. to Defs' Mot. to Dismiss SAC, p. 7.) Plaintiff cites to no authority that an internal police department policy has any bearing on whether an activity legally constitutes a "service" within the statutory definition of ORS 659A.400.[2] The cases relied upon in defendants' motion to dismiss (Defs' Mot. to Dismiss SAC, p. 3-5), though not binding, are instructive as they outline general considerations as to why a police investigation should not be considered a "public accommodation." Based upon the above and defendants' argument in their motion to dismiss, this Court should find that plaintiff's discrimination in public accommodation claims fail to state cognizable causes of actions.

2. *Plaintiff's First Claim for Relief Fails to State a Claim as Plaintiff Has Not Sufficiently Alleged Defendant City of Hillsboro Discriminatory Intent Regarding Plaintiff's Race or Age.*

Plaintiff argues she has alleged sufficient facts demonstrating that she was treated unequally *because* of her race. (Plf's Resp. to Defs' Mot. to Dismiss SAC, p. 11-12.) Plaintiff cites to numerous allegations made in the Second Amended Complaint, however, the thrust of those allegations which relate to defendants' alleged perception of plaintiff's mental health, not

---

[2] One wonders what weight plaintiff would ask the court to give the policy if it contained language implying the City did not consider a police investigation a "service."

Page 3 -   **DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12**

KRAEMER & LEWIS
Not a Partnership
Employees of CIS (Citycounty Insurance Services)
P.O. Box 1469
Lake Oswego, OR 97035
Telephone: (503) 763-3875
Facsimile: (503) 763-3901

that she was treated unequally because of her *race*. (Sec. Am. Compl., ¶¶ 14, 18, 20, 26.) Most of the allegations relied upon by plaintiff do not even mention race in any capacity, much less any allegation that defendants' treatment of plaintiff was motivated based upon plaintiff's race. (Sec. Am. Compl., ¶¶ 10, 16, 17, 19, 22, 23, 24, 26, 30, 31, 32, 33, 34, 80, 81, 82.) A handful of allegations cited by plaintiff include racially offensive statements made by non-parties, the McConnells – however, plaintiff cites to no authority that these statements of non-parties can be attributed to defendants and they have no bearing on the alleged discriminatory intent of defendants. (*See*, Sec. Am. Compl., ¶¶ 11, 13, 27.) Plaintiff's claim that defendants were motivated by some kind of racial animus, or treated plaintiff differently because of her race is mere speculation and unsupported conclusory opinion. As such, plaintiff has failed to set forth a discrimination claim pursuant to ORS 659A.403 upon which relief can be granted.

      3.    *Plaintiff's Second Claim for Relief Fails to State a Claim as Plaintiff Has Not Alleged a Disability Pursuant to ORS 659A.104(1).*

Plaintiff argues that she has sufficiently alleged that plaintiff had a qualifying disability pursuant to ORS 659A.104(1), based upon a "regarded as" theory. Defendants do not disagree that ORS 659A.104(1) does not require that plaintiff actually have a mental impairment, and that it includes individuals who are regarded as having a physical or mental impairment. However, the inquiry does not cease there. Plaintiff must allege that, "[a]s with real impairments, ... a perceived impairment must be substantially limiting and significant." *E.E.O.C. v. United Parcel Serv., Inc.*, 306 F.3d 794, 803–04 (9th Cir.), *opinion amended on denial of reh'g*, 311 F.3d 1132 (9th Cir. 2002) (quoting *Thompson v. Holy Family Hosp.*, 121 F.3d 537, 541 (9th Cir.1997)).

First, the statute requires, and plaintiff must sufficiently plead, that defendant perceived plaintiff as having a mental impairment. Plaintiff claims that her allegation that defendant stated that "there's some mental issues" (and other iterations of the same generic statement) with plaintiff satisfies this requirement. (Plf's Resp. to Defs' Mot. to Dismiss SAC, p. 14.) This statement does not rise to the level of regarding plaintiff as having a "mental impairment" based upon Oregon law. Oregon Administrative Rule 839-006-0205 defines a "mental impairment" as

Page 4 -   DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12

KRAEMER & LEWIS
Not a Partnership
Employees of CIS (Citycounty Insurance Services)
P.O. Box 1469
Lake Oswego, OR 97035
Telephone: (503) 763-3875
Facsimile: (503) 763-3901

"any mental or psychological disorder, such as mental retardation, organic brain syndrome, traumatic brain injury, emotional or mental illness, and specific learning disabilities." Throw-away comments that an individual may have "mental issues" certainly does not fall within the articulated definition – it is simply too abstract and vague a statement to trigger Oregon's public accommodation protections.

Even if this Court finds that plaintiff's allegations regarding defendants' perception of plaintiff's generic mental issues meets the definition of a mental impairment under OAR 839-006-0205, the Court's inquiry does not end there. ORS 659A.104(1)(c) also requires that plaintiff sufficiently plead that defendants believed and treated plaintiff as if the non-descript "mental issues" substantially limited one or more of plaintiff's major life activities. ORS 659A.104(2) articulates a non-exhaustive list of activities and functions that are considered major life activities that could be impaired (in reality or perceived).

Although it is not alleged in her Second Amended Complaint, plaintiff argues, for the first time in her responsive pleading, that defendant regarded plaintiff as impaired in life activities including: ability to think, communicating, interacting with others, and renting and maintaining her home. (Plf's Resp. to Defs' Mot. to Dismiss SAC, p. 14.) If plaintiff now is alleging that defendants so regarded plaintiff, during conferral plaintiff's counsel should have agreed to amend the Second Amended Complaint to reflect these allegations. Plaintiff is required to allege in the operative complaint her theory of disability discrimination pursuant to ORS 659A.400 and has failed to do so.

Plaintiff's second claim for relief fails to state a claim as there is no evidence that defendants regarded plaintiff as having a "mental impairment" under Oregon law and plaintiff has failed to sufficiently plead how defendants' perception of plaintiff regarded her as having one or more major life activities impaired. As such, the Court should dismiss this claim, or in the alternative require plaintiff to make it more definite and certain.

/ / /

/ / /

Page 5 -   **DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12**

KRAEMER & LEWIS
Not a Partnership
Employees of CIS (Citycounty Insurance Services)
P.O. Box 1469
Lake Oswego, OR 97035
Telephone: (503) 763-3875
Facsimile: (503) 763-3901

  4. *Plaintiff's Second Claim for Relief Fails to State a Claim as Plaintiff Has Not Alleged a She is a "Patron" or "Customer" as Required by ORS 659A.142(4).*

Defendants do not "seek to narrow the statutory definitions and intent of the anti-disability discrimination statute" as plaintiff suggests. (Plf's Resp. to Defs' Mot. to Dismiss SAC, p. 15.) Rather, defendants seek to hold plaintiff to her legal burden of pleading a claim upon which relief can be granted. On the face of the Second Amended Complaint, plaintiff has failed to adequately plead a claim for relief pursuant to ORS 659A.142(4). *Fenimore v. Blachly-Lane Cty. C.E.A.* makes clear that being a "customer or patron" is an essential element, and as such, must be properly alleged, in a non-conclusory fashion, in order for plaintiff to state a claim. 297 Or. App. 47, 58, 441 P.3d 699, 708 (2019). Plaintiff's policy arguments to the contrary were expressly rejected in *Fenimore*:

> "It is not apparent why the legislature has not yet taken the opportunity to extend the rights described in ORS 659A.403 to all persons without any distinction or discrimination on account of disability. In the absence of any such statutory language, however, we are left with the legislature's reference to only those individuals with disabilities who are 'customers' and 'patrons' of a place of public accommodation in ORS 659A.142(4). Accordingly, although there may be strong policy arguments in favor of amending ORS 659A.403(1) to include individuals with disabilities, we cannot read into that statute a term that the legislature has thus far not added in its several amendments. Likewise, we cannot read ORS 659A.142(4) and its reference to 'customers' and 'patrons' any more broadly than those terms allow despite the obvious policy preference evinced by the legislature in ORS 659A.403(1) to generally require places of public accommodation to be broadly accessible to 'all persons.'"

*Id.* at 59.

Plaintiff's offer to amend the Second Amended Complaint to allege she is a "patron" or "customer" of defendants by virtue of her status of taxpayer should be denied on the grounds of futility. (*See* Plf's Resp. to Defs' Mot. to Dismiss SAC, p. 15.) The language of ORS 659A.142(4) does not support a finding that a taxpayer falls within the definition of "patron" or "customer". Firstly, no Oregon case has so interpreted either term. Secondly, the definitions of each term do not support such an interpretation. "Patron" is defined as: "a person chosen, named, or honored as a special guardian, protector, or supporter"; a "wealthy or

Page 6 -  **DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12**

**KRAEMER & LEWIS**
Not a Partnership
Employees of CIS (Citycounty Insurance Services)
P.O. Box 1469
Lake Oswego, OR 97035
Telephone: (503) 763-3875
Facsimile: (503) 763-3901

influential supporter of an artist or writer; a social or financial sponsor of a social function (such as a ball or concert)"; a person "that uses wealth or influence to help an individual, an institution, or a cause"; someone "who buys the goods or uses the services offered especially by an establishment"; a "holder of the right of presentation to an English ecclesiastical benefice"; a "master in ancient times who freed his slave but retained some rights over him"; from Middle French, a "proprietor of an establishment (such as an inn) especially in France"; or "the chief male officer in some fraternal lodges having both men and women members[.]" "Patron." *Merriam-Webster.com Dictionary*, Merriam-Webster, https://www.merriam-webster.com/dictionary/patron. Accessed 29 Mar. 2021. "Customer" is defined as "one that purchases a commodity or service"; or "an individual usually having some specified distinctive trait[.]" "Customer." *Merriam-Webster.com Dictionary*, Merriam-Webster, https://www.merriam-webster.com/dictionary/customer. Accessed 29 Mar. 2021. None of these definitions can reasonably be interpreted as including a taxpayer.

Finally, as a general matter, taxpayer status does not confer standing to sue absent specific circumstances not applicable in this case. *McNichols v. Dep't of Fish & Wildlife*, 308 Or. App. 369, 374 (2021) (quoting *Gruber v. Lincoln Hospital District*, 285 Or. 3, 8, 588 P.2d 1281 (1979) (the "general rule is that a plaintiff relying on taxpayer status must put forth facts demonstrating 'actual or potential adverse fiscal consequences' to the plaintiff personally); *see also McCollum v. California Dep't of Corr. & Rehab.*, 647 F.3d 870, 880 (9th Cir. 2011) (quoting *Arizona Christian Sch. Tuition Org. v. Winn*, 563 U.S. 125, 148, 131 S. Ct. 1436, 179 L. Ed. 2d. 523 (2011) (to establish taxpayer standing, plaintiff must show a "logical link between the plaintiff's taxpayer status and the type of legislative enactment attacked" and "a nexus between [the plaintiff's taxpayer] status and the precise nature of the constitutional infringement alleged."

Therefore, plaintiff's second claim for relief, to the extent it is based on an alleged violation of ORS 659A.142(4) should be dismissed as plaintiff has failed to state a claim upon which relief can be granted.

Page 7 - **DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12**

KRAEMER & LEWIS
Not a Partnership
Employees of CIS (Citycounty Insurance Services)
P.O. Box 1469
Lake Oswego, OR 97035
Telephone: (503) 763-3875
Facsimile: (503) 763-3901

      5.      *Plaintiff's Second Claim for Relief Fails to State a Claim as Plaintiff Has Not Alleged She Was Subject to State Government Action.*

Plaintiff points to no case which has held that ORS 659A.142(5) applies to municipal entities.[3] Furthermore, the statute does not state that "instrumentalities" of the state are subject to the statute, only "state government", therefore plaintiff's argument (based on a case from 1920) that defendant is an "instrumentality" of the State subject to the statute is unpersuasive. (*See*, Plf's Resp. to Defs' Mot. to Dismiss SAC, p. 16.) Plaintiff argues that interpreting the statute according to its plain language would be "contrary to Oregon public accommodations law" however, this argument is incorrect as the statute being interpreted *is* Oregon public accommodations law and the legislature specifically limited Subsection (5) to state government action.

      6.      *Plaintiff's Request to Amend Complaint to Add Claim Pursuant to Hillsboro Municipal Code 7.28.060 Should Be Denied.*

Plaintiff requests that, in the event that ORS 659A.143 subsections (4) and (5) do not state claims upon which relief can be granted, she should be permitted to amend her Second Amended Complaint to add a cause of action pursuant to Hillsboro Municipal Code 7.28.060. (Plf's Resp. to Defs' Mot. to Dismiss SAC, p. 16.) Plaintiff's request to so amend should be denied on the grounds of futility.

Hillsboro Municipal Code 7.28.060 creates a cause of action expressly grounded in the provisions of ORS Chapter 659A. Subsection (A) of 7.28.060 states "[e]nforcement of all or any part of this subchapter will be governed by the procedures established in ORS 659A, to the extent applicable." Specifically, any claim based upon unlawful public accommodations practices, is likewise made unlawful by Hillsboro Municipal code "by committing any of the acts

---

[3] Plaintiff generally cites to *Walden v. Dawson* (No. 6:12-CV-02155-MC, 2014 WL 5810824 (D. Or. Nov. 7, 2014)) arguing it applied ORS 659A.142 to a municipal police force – however this is an incorrect reading of this case. The plaintiff in *Walden* did not bring any claim pursuant to ORS 659A.142, so the question of whether it was applicable to municipal defendant was never raised. Further, the statute was only referenced in relationship to a discussion about statute of limitations, thus the analysis has no bearing on the question presented in this case.

Page 8 -   **DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12**

KRAEMER & LEWIS
Not a Partnership
Employees of CIS (Citycounty Insurance Services)
P.O. Box 1469
Lake Oswego, OR 97035
Telephone: (503) 763-3875
Facsimile: (503) 763-3901

made unlawful under the provisions of ORS 659A.142 or 659A.400 through 659A.409." Hillsboro Municipal Code 7.28.040(A). Therefore, any claim plaintiff brings pursuant to Hillsboro Municipal Code 7.28.060 would be subject to the exact same analysis as her claims brought pursuant to ORS 659A.142. To the extent that plaintiff's claims brought pursuant to ORS 659A.142 fail, as argued *supra*, any claim brought based upon a violation of Hillsboro Municipal Code 7.28.060 would likewise fail.

**B.    Plaintiff's Negligence Claim Fails to State a Claim.**

1.    *Plaintiff's Claim that the City Negligently Investigated Fails as a Matter of Law*.

Plaintiff cites to *Sande v. City of Portland*, 185 Or. App. 262 (2003) in support of her contention that Oregon law recognizes claims of negligent police investigation. Plaintiff, however, is incorrect. In *Sande*, the Court of Appeals never answered the question of whether Oregon law recognizes a claim of negligent police investigation, as this argument was not before the Court. Rather, *Sande* was primarily an analysis of whether discretionary immunity applied to an individual detective's directive to a member of the community to not convey certain information to the broader public.[4] Discretionary immunity has nothing to do with the questions presented in our present case. *Sande* cannot reasonably be interpreted to stand for the principal plaintiff asserts and does not vitiate any of defendants' arguments regarding the policy implications of permitting claims of negligent police investigation to go forward.

Plaintiff also cites to *Jackson v. Olson*, 77 Or. App. 41 (1985), arguing it recognizes a claim for negligent police investigation. Again, plaintiff's assertion is incorrect. Jackson explicitly limited its holding to whether police can be deemed negligent "*in the manner in which they conducted the chase.*" *Id*. at 46-7 (emphasis in original.) This limited holding does not stand for the proposition that Oregon law permits claims of negligent police investigation.

---

[4] The Court of Appeals also took up certain arguments related to factual disputes presented by the parties, none of which are applicable in this case.

Page 9 -   **DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12**

KRAEMER & LEWIS
Not a Partnership
Employees of CIS (Citycounty Insurance Services)
P.O. Box 1469
Lake Oswego, OR 97035
Telephone: (503) 763-3875
Facsimile: (503) 763-3901

Similarly, plaintiff's reliance on *Adams v. Or. State Police*, 289 Or. 233, 241 (1980) is misplaced. *Adams* addressed whether plaintiff's tort claim notice adequately apprised defendant of the cause to be presented in the complaint (as it related to towing issue). *Id*. at 235. The question of whether a claim for negligent police investigation exists under Oregon law was never raised or addressed by the Court.

Finally, plaintiff cites to *Edwards v. State ex rel. Dep't of Hum. Res. Child. Adult & Families Div.*, 217 Or. App. 188, 193 (2007), to argue Oregon law recognizes a claim for negligent police investigation. This case did not involve any police conduct, as all defendants, except for the state agency of DHS, had been previously dismissed by the trial court. *Id*. at 190, fn 2. Furthermore, the only question answered in the Court's opinion (related to DHS's conduct) was whether the Oregon Tort Claims Act discovery rule barred plaintiff's claim – it did not reach the question of whether plaintiff stated a claim for negligent investigation. *Id*. at 198.

Plaintiff additionally cites to *Sterling v. Albany*, 276 Or. 403 (1976) to argue that the inherent contradictions that are created when claims of negligent police investigation are raised, namely that officers will be placed in the impossible position of facing liability for not arresting someone based upon their subjective belief or facing liability for unlawfully arresting that person for the exact same reason, lack merit. Plaintiff's reliance on this case, however, is entirely misdirected, as the holding in *Sterling* speaks directly to why such claims cannot stand in either policy or law. As this Court is well aware, law enforcement officers are both statutorily and constitutionally bound to adhere to both an objective and subjective probable cause standard when conducting investigations, searches, seizures, applying for warrants, making arrests, among other enforcement activities. These obligations do not dissipate simply because a private citizen files a civil suit alleging that a law enforcement officer conducted an investigation negligently. To both allow such claims to stand and yet preclude a jury from considering the statutory and constitutional standards which legally bound an officer while they were conducting the investigation would render meaningless those legal mandates. In essence, this would require a jury to disregard bedrock principles of American constitutional and Oregon state law which

Page 10 - **DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12**

KRAEMER & LEWIS
Not a Partnership
Employees of CIS (Citycounty Insurance Services)
P.O. Box 1469
Lake Oswego, OR 97035
Telephone: (503) 763-3875
Facsimile: (503) 763-3901

imposed limitations on the actions of law enforcement and thus necessarily are relevant to whether or not the officer in question acted reasonably. The law simply cannot allow such a contradiction.

      2.    *Internal Police Policy Does Not Establish a Duty to the Plaintiff.*

Plaintiff has not established that internal police policy gives rise to a specific duty creating a negligence claim against defendants. Plaintiff's reference to *Bellikka v. Green*, 306 Or. 630, 650, 762 P.2d 997, 1009 (1988) provides no guidance to the question of whether internal police policy creates a duty of care to a member of the general public giving rise to a negligence claim. *Bellikka* only articulates the uncontroversial premises that statutes may give rise to statutory torts, or that statutory mandates can "support one of the elements" of a plaintiff's claim in an ordinary negligence action. 306 Or. at 650. Additionally, plaintiff's citation to *Est. of Ford v. Ramirez-Palmer*, 301 F.3d 1043, 1052 (9th Cir. 2002) does not help this Court, as no analysis of Oregon law was made, nor was the question of whether an internal departmental policy can give rise to a specific duty of care presented for analysis.[5]

Plaintiff has not provided this Court with any Oregon law which permits plaintiff to bring a negligence action against defendants based upon duty of care created by internal policy departmental policy, and as such plaintiff has failed to state a claim for negligence and her third claim for relief should be dismissed.

      3.    *Plaintiff Failed to State Negligence Claims as There is No Allegation of Physical Injury or a Special Relationship between Defendants and Plaintiff.*

Plaintiff has not alleged facts sufficient to support her negligence claim as there is no allegation that she sustained a physical injury, as is generally required under Oregon Law. *Paul v. Providence Health Sys.-Oregon,* 351 Or. 587, 597, 273 P.3d 106 (2012) (citing *Hammond v.*

---

[5] Plaintiff also cites to *Conway v. Pac. Univ.*, 324 Or. 231, 240, 924 P.2d 818, 823 (1996), in support of her position. It is unclear what relevance this case has to plaintiff's claim, as this case discussed special relationships in the context of financial/economic interests, agency, and contractual relationships, none of which are applicable in this action.

Page 11 - **DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12**

**KRAEMER & LEWIS**
Not a Partnership
Employees of CIS (Citycounty Insurance Services)
P.O. Box 1469
Lake Oswego, OR 97035
Telephone: (503) 763-3875
Facsimile: (503) 763-3901

*Central Lance Communications Center*, 312 Or. 17, 23-24, 816 P.2d 593 (1991) ("[t]his court consistently has rejected claims for emotional distress damages caused by a defendant's negligence, in the absence of any physical injury.")  Plaintiff provides no legal authority supporting her claim that "her eviction" constitutes physical injury.  (Plf's Resp. to Defs' Mot. to Dismiss SAC, p. 20.)  To the contrary, Oregon courts have expressly required an actual physical effect be established to state a negligence claim.  *Chouinard v. Health Ventures*, 179 Or. App. 507, 515, 39 P.3d 951 (2002) ("At a minimum, the physical impact rule requires an act or omission that results in some perceptible physical effect on a plaintiff.")  Plaintiff's argument defies logic and established precedent and should be given no weight.

Additionally, plaintiff has failed to allege that she was in a special relationship with defendants.[6]  Despite plaintiff's assertion to the contrary, plaintiff is required to specifically allege a special relationship to state a claim for negligence where plaintiff is solely alleging emotional distress damages.  *Tomlinson v. Metro. Pediatrics*, LLC, 275 Or. App. 658, 682, 366 P.3d 370 (2015), *aff'd*, 362 Or. 431, 412 P.3d 133 (2018).[7]  More specifically, plaintiff must allege "the infringement of a distinct 'legally protected interest'" and that the interest "is 'of sufficient importance as a matter of public policy to merit protection from emotional impact.'"  *Id.* (quoting *Lockett v. Hill*, 182 Or. App. 377, 380, 51 P.3d 5 (2002).)  Although it may be

---

[6] Plaintiff seemingly argues that her negligence claim survives based upon allegations that defendants acted intentionally.  (Plf's Resp. to Defs' Mot. to Dismiss SAC, p. 21-2.)  However, intentional conduct cannot give rise to the tort of negligence.  *See, e.g., Kasnick v. Cooke*, 116 Or. App. 580, 842 P.2d 440 (1992) (the plaintiff may not allege facts that necessarily would constitute an intentional tort but then assert that he can prevail by proving only negligence); *see also Aranda v. City of McMinnville*, 942 F. Supp. 2d 1096, 1110 (D. Or. 2013) (quoting *Denton v. Arnstein*, 197 Or. 28, 45, 250 P.2d 407 (1952) ("[w]hen defendant's conduct is wilful and intentional, it is no longer negligence....")  When discussing intentional conduct in *Hammond*, the Court was specifically referencing the separate tort of intentional infliction of emotion distress (312 Or. at 22), which is separately discussed *infra*.  Any allegations regarding intentional conduct on the part of defendants cannot support plaintiff's negligence claim and should be disregarded.

[7] Plaintiff cites to this case arguing it holds that plaintiff is not required to specifically allege a special relationship, however this incorrectly states the holding in *Tomlinson*.  (*See* Plf's Resp. to Defs' Mot. to Dismiss SAC, p. 21.)

Page 12 - **DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12**

**KRAEMER & LEWIS**
Not a Partnership
Employees of CIS (Citycounty Insurance Services)
P.O. Box 1469
Lake Oswego, OR 97035
Telephone: (503) 763-3875
Facsimile: (503) 763-3901

foreseeable that some emotional harm could result from allegedly negligently performed professional services (such as legal, accounting, medical, or real estate services), that possibility "cannot give rise to [negligently inflicted] emotional distress damages unless a standard of care . . . includes the duty to protect a client from emotional harm." *Rathgeber v. James Hemenway, Inc.*, 335 Or. 404, 418, 69 P.3d 710 (2003). Plaintiff has not, nor can she allege that she was in a special relationship with defendants such that would give rise to liability for purely emotional distress damages.[8]

As plaintiff's negligence claim for emotional distress damages fails, so too does her claim for economic damages. *See Oregon Steel Mills, Inc. v. Coopers & Lybrand, LLP*, 336 Or. 329, 341, 83 P.3d 322 (2004) ("[L]iability for purely economic harm must be predicated on some duty of the negligent actor to the injured party beyond the common law duty to exercise reasonable care to prevent foreseeable harm." (Internal quotation marks omitted.)); *Hale v. Groce*, 304 Or. 281, 284, 744 P.2d 1289 (1987) ("[O]ne ordinarily is not liable for negligently causing a stranger's purely economic loss without injuring his person or property.").

Accordingly, plaintiff has failed to state a claim for negligence and plaintiff's third claim for relief should be dismissed.

    4.    *Plaintiff's Count 1 and Count 2 Negligence Claims Fail to Plead Facts Sufficient to State a Claim.*

Despite plaintiff's protestations to the contrary, plaintiff has failed to allege a single *fact* supporting the following necessary elements of Count 1: (1) how defendants' caused plaintiff's eviction, particularly given the fact plaintiff has alleged no facts connecting plaintiff's landlord to the investigation, police report, or police department generally; (2) how plaintiff's alleged

---

[8] Plaintiff cites to *Nearing v. Weaver*, 295 Or. 702, 670 P.2d 137 (1983), arguing it permitted a negligence claim for emotional distress where police officers "refused to respond to her calls of harassment and refused to enforce a restraining order." (Plf's Resp. to Defs' Mot. to Dismiss SAC, p. 21-2.) However, plaintiff fails to note that this finding was based upon the Court's determination that plaintiff had sufficiently alleged a specific duty to plaintiff as established by state statute and an existing judicial order. *Id*. at 709 ("[i]n this case a duty specifically towards these plaintiffs arises from the statute coupled with the court order.")

Page 13 -  **DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12**

**KRAEMER & LEWIS**
Not a Partnership
Employees of CIS (Citycounty Insurance Services)
P.O. Box 1469
Lake Oswego, OR 97035
Telephone: (503) 763-3875
Facsimile: (503) 763-3901

eviction, a civil issue brought about by a private citizen unconnected to the police department, was a foreseeable risk based upon defendants' investigation into unrelated reported criminal activity; (3) why defendants' conduct was unreasonable in light of this hypothetical and, at best, highly tenuous risk; and (4) how plaintiff was within a class of persons and plaintiff's alleged injury was within the general type of potential incidents and injuries subject to the alleged negligence.  Plaintiff's Second Amended Complaint is rife with speculative opinions and legal conclusions regarding these elements but lacks any substantive allegations which would establish any of the above actually occurred. (*See*, Sec. Am. Compl., generally.)

Similarly, as it relates to Count 2, plaintiff's Second Amended Complaint is devoid of any factual allegations which would show that defendant failed to train police officers or have previously failed to discipline officers for any reason whatsoever, but in particular for any issues related to racial or disability prejudice.  (Sec. Am. Compl. ¶ 57.)

Therefore, plaintiff has failed to state a claim as to either count of negligence and the claims should be dismissed, or in the alternative, be made more definite and certain.

C.  **Plaintiff's Intentional Infliction of Emotional Distress Claim Fails to State a Claim.**

Plaintiff claims that she has alleged sufficient facts to support a claim of intentional infliction of emotional distress, but plaintiff's Second Amended Complaint demonstrates the contrary.  Plaintiff has failed to allege any facts related to causation, i.e., how plaintiff's eviction was in any way caused by defendants' police investigation, or how/why it was substantially certain that this distress would result from a police investigation, particularly given there are no allegations that plaintiff's landlord was in any way involved in defendants' investigation, was provided the police report, or was in any way contacted by defendants.  Furthermore, in plaintiff's response, she argues there are "a number of factual allegations" demonstrating how defendants "intended to inflict severe emotional distress on [plaintiff] and knew such distress was substantially certain to result."  (Plf's Resp. to Defs' Mot. to Dismiss SAC, p. 23.) However, plaintiff's Amended Complaint in reality does not provide any such details – instead, plaintiff's Second Amended Complaint offers speculative conclusions and impermissible legal

Page 14 -  **DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12**

**KRAEMER & LEWIS**
Not a Partnership
Employees of CIS (Citycounty Insurance Services)
P.O. Box 1469
Lake Oswego, OR 97035
Telephone: (503) 763-3875
Facsimile: (503) 763-3901

opinions but lacks any substantive factual allegations to support those opinions.  (*See*, Sec. Am. Compl. ¶¶ 28, 63, 64.)  Such assertions and conclusions can be given no weight by Court.

Furthermore, plaintiff has not alleged conduct with constitutes an extraordinary transgression of the bounds of socially tolerable conduct.  Despite plaintiff's arguments to the contrary, when plaintiff's complaint is stripped away of speculative assertions and legal conclusions, plaintiff has alleged that defendants investigated a report of an alleged crime in a manner she did not like, did not arrest the person she reported the alleged crime about, and subjectively documented their investigation in a manner plaintiff does not agree.  Plaintiff has not alleged any facts which demonstrate defendants engaged in race-based harassment or insults against plaintiff.  (*See* Plf's Resp. to Defs' Mot. to Dismiss SAC, p. 24 (arguing such conduct "may be more socially intolerable" than other insults.)  Plaintiff has not alleged any facts which demonstrate that defendants' actions caused plaintiff's eviction.

As such, on the face of plaintiff's Second Amended Complaint, she has failed to state a claim for intentional infliction of emotional distress and the claim should be dismissed, or alternative be made more definite and certain.

**D.** **Plaintiff's State Law Claims are Barred by Defendants' Absolute Privilege.**

Though plaintiff argues absolute privilege should not apply in this case, because such immunity traditionally applies in the defamation context, the nature of plaintiff's claims, in that they are attempting to hold defendants liable for the statements that were made in the course of the official duties, should render absolute privilege equally applicable in this case.  The purpose behind the privilege applies with equal weight in this context.

As such, plaintiff's state law claims should be dismissed as defendants' statements are absolutely privileged.

**E.** **Plaintiff's Section 1983 Claim Fails to State a Claim for Relief.**

Plaintiff has brought a Section 1983 Fourteenth Amendment claim explicitly under a theory of "state-created danger" – as such, she is required to sufficiently allege facts which give rise to this theory of a Fourteenth Amendment violation.  (Sec. Am. Compl., p. 17, "Fifth Claim

Page 15 -   DEFENDANTS' REPLY IN SUPPORT OF
MOTION TO DISMISS PLAINTIFF'S
SECOND AMENDED COMPLAINT
PURSUANT TO FED. R. CIV. P. 12

KRAEMER & LEWIS
Not a Partnership
Employees of CIS (Citycounty Insurance Services)
P.O. Box 1469
Lake Oswego, OR 97035
Telephone: (503) 763-3875
Facsimile: (503) 763-3901

for Relief (43 USC 1983 – Fourteenth Amendment – State-Created Danger)".)  Under such a theory, plaintiff must allege that defendants "affirmatively place[d] the plaintiff in danger by acting with deliberate indifference to a known or obvious danger[.]"  *Patel v. Kent School Dist.*, 648 F.3d 965, 971-2 (9th Cir. 2011).  Plaintiff's allegations that do not involve her being affirmatively placed in a position of a known or obvious danger should be disregarded entirely.  (*See* Plf's Resp. to Defs' Mot. to Dismiss SAC, p. 25-6 (arguing plaintiff's rights to "her ability to live in her home, move freely on the streets, and her right to be complain about racially discriminatory behavior" supports her Fourteenth Amendment claim.))[9]

Furthermore, plaintiff's arguments that she can bring such a claim absent allegations of sustaining an actual injury are unsupported by controlling law.  Plaintiff first cites to *Pozos Leon v. Tillamook Cty. Sch. Dist.*, No. 3:17-440-PK, 2018 WL 2175949 (D. Or. May 11, 2018) to argue that no such requirement exists.  Contrary to plaintiff's argument, this case supports the conclusion that actual injury is a requisite requirement for bringing a state-created danger Fourteenth Amendment claim.  Firstly, it was sufficiently alleged that both plaintiffs suffered actual physical injury resulting from the alleged conduct.  (*Id.* at 3.)  Thus, the question of whether physical injury was required was never in front of the District Court in *Pozos Leon*.  Furthermore, when reciting the elements which must be established to hold a defendant liable under such a theory, the Court stated: [t]he affirmative act must have exposed the plaintiff to an actual, particularized danger and *the resulting harm must have been foreseeable*."  (*Id.* at 10 (quoting *Pauluk v. Savage*, 836 F.3d 1117, 1122 (9th Cir. 2016) (emphasis added).)  Plaintiff next cites to the Prison Litigation Reform Act, arguing that "Congress can explicitly deny a remedy by requiring a physical injury if it wanted."  (Plf's Resp. to Defs' Mot. to Dismiss SAC,

---

[9] Plaintiff also argues her allegations of being evicted give rise to a Fourteenth Amendment claim, however she provides no authority whatsoever for this proposition.  Her argument that "allegations that housing is a human right provides context to her claim" is irrelevant as Section 1983 claims must be grounded in either federal statute or a right secured by the United States Constitution.  *Hyun Ju Park v. City & Cty. of Honolulu*, 952 F.3d 1136, 1140 (9th Cir. 2020) (citing *West v. Atkins*, 487 U.S. 42, 48 (1988)).

Page 16 -  **DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12**

**KRAEMER & LEWIS**
Not a Partnership
Employees of CIS (Citycounty Insurance Services)
P.O. Box 1469
Lake Oswego, OR 97035
Telephone: (503) 763-3875
Facsimile: (503) 763-3901

p. 26.)  While this may be true, it is irrelevant to the question of whether such a requirement does or does not exist when stating a claim for a state-created danger Fourteenth Amendment violation.  This question has already been repeatedly answered in the affirmative by the Ninth Circuit.  (*See* Defs' Mot. to Dismiss SAC, p. 16-17 (citing series of cases so holding).)  In order to state a claim for a state-created danger Fourteenth Amendment claim, plaintiff must allege all requisite elements, including that she was exposed to a known and obvious danger, and foreseeable actual harm resulted.  Plaintiff has failed to do so, and as such, has failed to state a claim upon which relief can be granted.

## CONCLUSION

For the reasons set forth above, defendants respectfully request an Order dismissing plaintiff's claims against it, or in the alternative, that they be made more definite and certain.

Respectfully submitted this 8th day of April 2021.

                                      KRAEMER & LEWIS

By:  s/ *Lauren E. Nweze*
Steven A. Kraemer, OSB No. 882476
Lauren E. Nweze, OSB No. 145218
Of Attorneys for Defendants City of Hillsboro, James Schoeffler and Clint Chrz

Page 17 - DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12

KRAEMER & LEWIS
Not a Partnership
Employees of CIS (Citycounty Insurance Services)
P.O. Box 1469
Lake Oswego, OR 97035
Telephone: (503) 763-3875
Facsimile: (503) 763-3901