**J. Ashlee Albies**, OSB No. 051846
Email: ashlee@albiesstark.com
**Maya Rinta**, OSB No. 195058
Email: maya@albiesstark.com
Albies & Stark LLC
1 SW Columbia St., Suite 1850
Portland, Oregon 97204
Telephone: (503) 308-4770
Facsimile: (503) 427-9292

**Attorneys for Plaintiff**

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **JEAN COPPEDGE,** an individual,<br><br>Plaintiffs,<br><br>vs.<br><br>**CITY OF HILLSBORO**, a municipality, **JAMES SCHOEFFLER** in his individual capacity, and **CLINT CHRZ** in his individual capacity**,**<br><br>Defendants. | CASE NO. 3:21-CV-00146-YY<br><br>**PLAINTIFF'S SUPPLEMENTAL BRIEFING AS ORDERED BY THE COURT (Dkt. #38)**<br><br>**ORAL ARGUMENT REQUESTED** |

Plaintiff addresses within five pages the following issues as ordered by the Court:

### A. Common Law Negligence Claim(s)

#### 1. Causation: Defendants caused Plaintiff's eviction

Plaintiff can adequately amend her Complaint to allege facts that defendants caused her eviction. A plaintiff must prove causation in a negligence action by establishing that "but for the negligence of the defendant," plaintiff would not have suffered the injury—that, is there is a "reasonable probability" that but for defendant's negligence, the plaintiff would not have been harmed. *Johnson v. Keiper*, 308 Or App 672, 680 (2021) (citations omitted). Additionally, in cases involving multiple causes of a plaintiff's injury, a jury may hold each tortfeasor liable provided that the negligence of each was a "substantial factor" in causing the injury. *Haas v. Estate of Carter*, 316 Or App 75, 82-83 (2021) (citations omitted).

While traditional eviction proceedings were initiated by her landlord and not law enforcement officials, but-for Defendants' conduct, there was a reasonable probability that the eviction would not have occurred and/or Defendants' conduct was a substantial factor in causing the eviction. New evidence obtained during the discovery process substantiates this. Specifically, Plaintiff would amend to add allegations that:

- Plaintiff's landlord's attorney told her that the landlord had read the police report from the May 22 incident;

- Plaintiff's landlord's attorney told her that the landlord was evicting her based on the police report from the May 22 incident; and

- the Notice of Eviction provided to Plaintiff specifically cites information from Defendants' false police report, including that Ms. Coppedge harassed, threatened, and/or intimidated the neighbors, including because she "swung or threw a 2x4 at another person."

#### 2. Causation: Facts detailing the City's failure to train or discipline officers

The Court provides "plaintiff offers no facts detailing that defendant City failed to train or discipline police officers," instead forming a conclusion solely from the events that transpired. Plaintiff can adequately amend her Complaint to satisfy this issue and the

PAGE 1 – PLAINITFF'S SUPPLEMENTAL BRIEFING



pleading standards. Plaintiff has already alleged that Commander Hewetson officially approved Schoeffler's and Chrz's conduct; the reasonable inference in favor of Plaintiff is that because he did not find any misconduct or issues of concern, no discipline was provided, and this conduct was consistent with Hillsboro's practices and training. In addition, Plaintiff can amend to add allegations that Oregon Department of Public Safety Standards likewise shows no discipline against any of the involved officers.

Through the discovery process, Plaintiff learned an internal Hillsboro Police Department whistleblower specifically raised concerns about the involved officers and City's conduct with regard to this lawsuit as well as the underlying incident. This includes specific concerns about the Police Chief's failure to follow the department's bias policy; an incomplete reporting of the events by the responding officers (Schoeffler and Chrz); and allegations that an HPD commander "requested a dossier be produced on Jean Coppedge following her complaint of bias against HPD officers." Such allegations substantiate Plaintiff's theory that the City not only failed to train or discipline officers, but also doubled down in its ratification of the unlawful and improper conduct. Based on this information, Plaintiff also believes she has discovered a new claim for unlawful retaliation under the First Amendment as well, and may amend to add that claim.

3. **Damages: Physical injury or a *Hammond* exception**

Plaintiff does not necessarily concede that she did not suffer a physical impact, but will amend to add allegations qualifying her for the "legally protected interest" *Hammond* exception to the physical impact rule to recover for her emotional distress.

Liability for emotional injury is recognized where "the defendant's conduct infringed on some legally protected interest apart from causing the claimed distress, even when that conduct was only negligent." *Hammond v. Cent. Lane Commc'ns Ctr.*, 312 Or 17, 23 (1991). Plaintiff can amend to add the legally protected interest of the "invasion of [a] plaintiff's right

PAGE 2 – PLAINITFF'S SUPPLEMENTAL BRIEFING

to enjoy her property without unreasonable interference." *Macca v. Gen. Telephone Co. of N.W.*, 262 Or 414, 418 (1972). Where plaintiffs received phone calls at all hours of the night because of defendant telephone company's negligence, the *Macca* court reasoned that "the gist of the action is the invasion of the individual's interest in the use and enjoyment of land" which "includes the disturbance of the comfort or convenience of the occupant of the land." *Id.* at 419 (citations omitted). Similarly, here, defendant's negligent acts caused the initiation of eviction proceedings, which certainly interfered with Plaintiff's enjoyment of her residence and disturbed her comfort and convenience in occupying her home.

### 4. Internal police department policies and duty of care

Plaintiff is not alleging negligence *per se.* Plaintiff's recital to HPD's internal policies informs the standard of care. In the alternative, Plaintiff can amend to add the following statutes to support her negligence claim: ORS 131.920 (1) and (2) mandates "[a]ll law enforcement agencies shall have written policies and procedures prohibiting profiling," and that they "shall investigate all complaints alleging profiling that are received by the agency." Profiling is defined by statute and includes an individual's real or perceived race or disability. ORS 131.915 (3). HPD as a municipality is subject to the law. ORS 131.915 (1)(d). Plaintiff will allege this statute confers upon Defendants a duty and/or sets out the applicable standard of care, because some or all of HPD's relevant policies are required by statute.

### 5. *Barringer* and plaintiff's negligence and 1983 claims

The Court's footnote 6 cites *Barringer* and provides that Plaintiff's negligence claims fail because they are premised on the same fact as her claims under Section 1983. While *Barringer* sets out the rule that a negligence claim may be maintained separately from a 1983 claim only when the negligence claim is based on facts that are different from those on which the 1983 claim is based, Plaintiff believes this rule is stated too broadly and is also distinguishable from this case for two critical reasons.

PAGE 3 – PLAINITFF'S SUPPLEMENTAL BRIEFING

First, *Barringer* cites three cases supporting this rule—*Whitfield, Shilo,* and *Rodriguez*—which show that the rule was crafted specifically for 1983 claims under the **Fourth Amendment**. Fourth Amendment cases involve explicitly intentional conduct when examining use of force or arrest. In addition, the court in *Johns v. City of Eugene* sets out a comprehensive analysis, concluding "nothing in Oregon's case law suggests that § 1983 and negligence claims are inherently incompatible" and citing other district judges in the Ninth Circuit who have declined to adopt *Shilo*'s reasoning. 2018 U.S. Dist. LEXIS 14717, *31-41 (Jan. 30, 2018) (rev'd other grounds); *see Dougall v. City of Tucson*, 2017 U.S. Dist. LEXIS 50449, 2017 WL 1210340, *7 n.16 (D. Ariz, Mar. 31, 2017); *Estate of Lopez ex rel. Lopez v. City of San Diego*, 2014 U.S. Dist. LEXIS 175764, 2014 WL 7330874, *12 (S.D. Cal. Dec. 18, 2014). By analogy, the *Barringer* rule suggests that a plaintiff could not ultimately prevail on claims for intentional infliction of emotional distress and negligence based on the same underlying facts. But such claims may—and do—proceed to trial together. See, e.g, *Hamlin v. Wilderville Cemetery Ass'n*, 259 Or App 161 n.3 (Or Ct App 2013). Here, the allegations can support either a negligence or a 1983 claim. Plaintiff alleges no Fourth Amendment claims, and does not include allegations related to arrest, or excessive force.

Second, this issue should not be dispositive on a motion to dismiss given the early stage of litigation. *Berringer, Shilo,* and *Whitfield* were all decisions on Summary Judgment. When the issue was presented on a motion to dismiss in *Rodriguez v. City of Portland*, the court found that the *Shilo* standard "does not apply at the initial pleading stage" because FRCP 8(d)(2) and 8(d)(3) allow a party to set out two or more statements of a claim, and that a party may assert as many claims as it has "regardless of consistency." 2009 US Dist LEXIS 98562, at *4, 6 (D Or Oct. 20, 2009). In addition, "when the issues are complicated or motives and intent are important, putting plaintiffs to the test…without ample opportunity for

PAGE 4 – PLAINITFF'S SUPPLEMENTAL BRIEFING

discovery is particularly disfavored." *Id.* at *6 (citation omitted).

As such, even if this Court finds Plaintiff's negligence claims are premised upon the same facts as her Section 1983 claims, Plaintiff submits that (1) the *Johns* analysis is persuasive; (2) the *Shilo / Berringer* rule is not applicable to this case because Plaintiff has not alleged any Fourth Amendment claims; and (2) both claims should survive a Motion to Dismiss, particularly given FRCP 8's allowance of alternative pleading and *Rodriguez*.

### B. 1983 Claim

Plaintiff's 1983 claim is predicated not on a right to housing, but her rather liberty interest guaranteed by the Fourteenth Amendment. It is well established Plaintiff has a liberty interest "in her own bodily security." *Kennedy v. Ridgefield City,* 439 F3d 1055, 1061 (9th Cir 2006). Plaintiff submits her right to live in her home is also a liberty interest, and the Court can and should look to the plethora of state, federal, and international laws such as the Declaration of Human Rights, which inform that liberty interest. *See Roper v. Simmons*, 543 U.S. 551, 576-7 (2005) (looking to international law to interpret the Eighth Amendment).

The Fourteenth Amendment, both in its substantive and procedural aspects, protects individuals from arbitrary government action. *Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 845-46 (1994). Plaintiff acknowledges that she has been unable to identify any caselaw under the state-created danger doctrine where the plaintiff did not suffer physical harm. But Plaintiff believes than an "actual injury" is the constitutional injury itself—the deprivation of her rights guaranteed by the Fourteenth Amendment—and no physical harm is required.

Dated this 19th day of January 2022

                            **ALBIES & STARK**

                            *s/Maya Rinta*
                            Maya Rinta, OSB No. 195058
                            maya@albiesstark.com
                            Ashlee Albies, OSB No. 051846
                            ashlee@albiesstark.com

PAGE 5 – PLAINITFF'S SUPPLEMENTAL BRIEFING